1 | Janice K. O'Grady (#158190)
Vadim R. Alden-Alaverdov (#233161)
2 | BOWMAN AND BROOKE LLP
1741 Technology Drive, Suite 200
3 | San Jose, CA  95110-1355
Telephone:  (408) 279-5393
4 | Facsimile:  (408) 279-5845

5 | Attorneys for Defendant
Ford Motor Company

6 |

7 |

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE EASTERN DISTRICT OF CALIFORNIA

10 | SHOUKAT KHAN and SANOBER MIRZA,     )  Case No.
                                     )  1:05-CV-00303-REC-DLB
11 |                    Plaintiffs,    )
                                     )  STIPULATED PROTECTIVE ORDER
12 | vs.                               )
                                     )
13 | FORD MOTOR COMPANY, a Delaware    )
Company DOES 1-100, inclusive,       )
14 |                                   )
                    Defendants.       )
15 | _____  )

16 | **STIPULATED PROTECTIVE ORDER**

17 |     In order to preserve and maintain the confidentiality of

18 | certain confidential, commercial and proprietary documents to be

19 | produced by FORD MOTOR COMPANY ("Ford") in this action, it is

20 | ordered that:

21 |     1.    Documents to be produced by Ford in this litigation

22 | which contain confidential information shall hereafter be

23 | referred to as "Protected Documents."  Any document or any

24 | information designated as "Subject to Protective Order" or its

25 | substantial equivalent in accordance with the provisions of this

26 | Order shall only be used, shown or disclosed as provided in this

27 | Order.

1      2.    As used in this Order, the term "documents" means all

2  written material, videotapes and all other tangible items,

3  whether produced as hard copy, computer diskette, CD-ROM or

4  otherwise.

5      3.    If any party believes that information has been

6  inappropriately designated as Subject to Protective Order, a

7  Protected Document, or otherwise "confidential," the parties

8  shall first attempt to dispose of such dispute in good faith on

9  an informal basis, and thereafter the challenging party may, at

10 any time during the pendency of this action, and by sealed motion

11 consistent with paragraph 10 herein, setting forth with

12 specificity the items challenged, challenge the alleged

13 confidentiality.

14     4.    The designation of Protected Documents may be made by

15 marking or placing the notice "Subject to Protective Order" or

16 substantially similar notice, on the document, or, where a copy

17 of the original document is to be produced, on that copy.

18     5.    Protected Documents and any copies thereof received

19 pursuant to paragraph 6 below shall be maintained confidential by

20 the receiving party, his/her attorney, other representatives, and

21 expert witnesses, and shall be used only for preparation for the

22 trial of this matter, subject to the limitations of paragraph 8

23 below.

24     6.    Protected Documents shall be disclosed only to

25 "Qualified Persons."  Qualified Persons are limited to:

26         a.    Counsel of Record for the parties, and the

27               parties;

28

1          b.   Non-technical and clerical staff employed by

2             Counsel of Record and involved in the preparation

3             and trial of this action;

4          c.   Experts and non-attorney consultants retained by

5             the parties for the preparation or trial of this

6             case, <u>provided that</u> no disclosure shall be made to

7             any expert or consultant who is employed by a

8             competitor of Ford;

9          d.   The Court, the Court's staff, witnesses, and the

10            jury in this case; and

11         e.   Attorneys representing plaintiffs and the experts

12            and consultants retained by plaintiffs in other

13            cases pending against Ford involving a 2002

14            Ford Explorer and the same allegations asserted in

15            this case, <u>provided that</u> no disclosure shall be

16            made to any expert or consultant who is employed

17            by a competitor of Ford.

18       7.   Before any Qualified Person may obtain Protected

19   Documents, such persons shall execute a "Written Assurance" in

20   the form contained in Exhibit A, attached hereto.  Counsel for

21   the parties will retain the Written Assurance and will keep a

22   list of all persons who have received Protected Documents for

23   inspection by the Court and, upon order of the Court, counsel for

24   Ford.

25       8.   To the extent that Protected Documents or information

26   obtained therefrom are used in any deposition testimony,

27   deposition exhibit, interrogatory, answer thereto, exhibit or

28

1  attachment to an interrogatory or answer, request for production,

2  answer to request for production, documents and/or exhibits

3  accompanying a document request or answer, request for admission

4  or response thereto, motion, memorandum, affidavit, brief or any

5  other submission by any party is filed with the Court which

6  includes, incorporates or quotes "subject to protective order" or

7  its substantial equivalent, such documents and information shall

8  remain subject to the provisions of this Order.

9      9.   Any court reporter or transcriber who reports or

10  transcribes testimony in this action shall agree that all

11  "confidential" information designated as such under this Order

12  shall remain "confidential" and shall not be disclosed by them,

13  except pursuant to the terms of this Order, and that any notes or

14  transcriptions of such testimony (and any accompanying exhibits)

15  will be retained by the reporter or delivered to counsel of

16  record.

17      10.  Before filing any pleading or other paper which

18  includes a Protected Document or information taken from any

19  Protected Document the filing party shall seek leave of Court to

20  file the portion of the pleading or a document includes any

21  Protected Document or information taken from any Protected under

22  seal. Once leave of Court is granted, each document which is

23  filed with the Court which contains any portion of any Protected

24  Documents or information taken from any Protected Documents shall

25  be filed in a sealed envelope or other appropriate sealed

26  container in which shall be endorsed the title to the action to

27  which it pertains, an indication of the nature of the contents of

28

such sealed envelope or other container, the word "CONFIDENTIAL",

and a statement substantially in the following form:

> This envelope is sealed and contains confidential
> information filed in this case by Bowman and Brooke,
> and is not to be opened or the contents thereof
> displayed or revealed except by Order of the Court or
> pursuant to written stipulation of the parties to this
> action.  This envelope or container shall not be opened
> without Order of the Court, except by officers of the
> Court and counsel of record, who, after reviewing the
> contents, shall return them to the clerk in a sealed
> envelope or container.

11.   Within sixty (60) days after the conclusion of this

litigation, by settlement or otherwise, counsel for the parties

herein shall return to counsel for Ford all Protected Documents,

and all copies, recordings or summaries thereof (including but

not limited to any such materials in the possession of any

employees, experts or consultants), together with an affidavit

asserting that all such materials have been delivered and that no

such documents have been retained, except those comprising any

trial or appellate court record.  As to any Protected Documents

which comprise any portion of the trial or appellate record, they

shall remain confidential and shall continue to be subject to the

terms of this Protective Order.

12.   To the extent Ford is requested to produce documents it

feels should not be subject to the sharing provisions of this

protective order, Ford does not waive its right to subsequently

request that the parties enter into a non-sharing protective

order prior to the production of any such documents.

13.   Inadvertent or unintentional production of documents or

information containing information which should have been

designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

14.   This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties.  If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

15.   After termination of this litigation, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

16.   This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

17.   All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Ford's Protected Documents and Confidential information.

**ORDER**

So Ordered, this 15th day of May, 2006.


         __/s/ _Dennis L. Beck_____
            U.S. Magistrate Judge

STIPULATED PROTECTIVE ORDER