IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHOUKAT KHAN, et al. | CASE NO. CV F 05-0303 LJO DLB |
|         Plaintiffs, | **TRIAL SCHEDULING ORDER** |
| vs. | |
| FORD MOTOR COMPANY, | <u>Motions in Limine Briefing</u> |
|         Defendant. | Response Deadline: January 30, 2008 |
| | <u>Motions in Limine Hearing</u> |
| | Date:  February 14, 2008<br>Time:  9 a.m.<br>Dept.:  4 (LJO) |
| | <u>Jury Trial</u> (15 days est.) |
| | Date:  April 14, 2008<br>Time:  9 a.m.<br>Dept.:  4 (LJO) |

      This Court conducted a November 19, 2007 conference to schedule trial and related dates. Plaintiffs Shoukat Khan and Sanober Mirza (collectively "plaintiffs") appeared by telephone by counsel Walter Walker and Wilda White, Walker, Hamilton & White.  Defendant Ford Motor Company ("defendant") appeared by telephone by counsel Frank Kelly and Randall Haimovici, Shook, Hardy & Bacon.

1

**1.     Motions In Limine**

The parties have filed their respective motions in limine.  Responses to motions in limine shall be filed and served no later than **January 30, 2008**.  This Court will conduct a motions in limine hearing on **February 14, 2008 at 9 a.m.** in Dept. 4 (LJO).

**2.     Trial Exhibits**

      **A.     Exhibit Exchange**

The parties, no later than **February 20, 2008**, shall exchange their respective proposed exhibits.

      **B.     Duty To Pre-Mark Exhibits**

Counsel, no later than **February 27, 2008**, shall meet and conduct an exhibit conference to pre-mark and examine trial exhibits and to prepare exhibit lists. All exhibits should be marked in sequential numerical order. Plaintiffs' exhibits shall begin with the number 1 (1, 2, 3...). Defendant's exhibits shall begin with the number 1000 (1000, 1001, 1002...). At the time of the exhibit conference, counsel shall have in their possession the original and additional complete sets of their exhibits (joint or disputed) for distribution as follows: (1) the original and one set to be submitted to the courtroom deputy; (2) one set for all other counsel; and (3) one set for counsel's own use. Counsel may, if desired, have an additional set of exhibits available to aid in witness examination.

      **C.     Indexes**

All joint exhibits shall be listed on a separate joint exhibits index. Joint exhibits will be admitted into evidence on introduction and motion of any party without further foundation. The joint exhibits index should be formatted as follows:

      **Ex. No.     Description (w/ date)**

As to all separate exhibits to which there are no objections, such exhibits shall be listed on an index of all the exhibits of the offering party with an "X" in a column entitled "No Obj." and will be admitted upon introduction and motion of the offering party without further foundation. With respect to those exhibits as to which the only objection is to foundation, such exhibits shall be listed on an index of all the exhibits of the offering party with an "X" in a column entitled "Found. Obj." All other exhibits shall be listed on the offering party's exhibits index with an "X" in a column entitled "Subst. Obj." All

of a party's separately-offered exhibits (discussed in this paragraph) shall be listed on one index formatted as follows:

| Ex. No. | Description (w/ date) | No Obj. | Found. Obj. | Subst. Obj. |
|---|---|---|---|---|
| | | | | |

### D. Submission of Trial Exhibits And Indexes

All pre-marked trial exhibits (joint and separate), along with the appropriate indexes, shall be submitted to the Court's clerk no later than **March 5, 2008.** Counsel should note that, pursuant to Local Rule 16-281(b)(11), only those exhibits listed in the parties' joint pre-trial statement will be permitted to be offered into evidence. Therefore, any exhibits submitted which are not listed in the pre-trial statement will not be admitted.

### E. Objections

The parties, no later than **March 5, 2008**, shall file and serve written objections as to those exhibits identified on the separate exhibits indexes to which there is an indication of either foundational or substantive objections. Such written objections shall reference the exhibit objected to, shall specifically set forth the objectionable matter in the disputed exhibit, and shall include a citation to legal authority explaining the grounds for the objection and why the exhibit is not admissible. A concise argument concerning the disputed exhibit may be included.

### F. Discovery Documents

Only specifically-designated discovery documents will be eligible for admission into evidence. Therefore, the parties, no later than **March 5, 2008**, shall file and serve a list of all discovery documents intended to be used at trial, identifying the discovery by set number and indicating whether the original discovery document has been previously lodged with the court. If a discovery document intended to be used at trial has not been previously lodged, the parties, no later than **March 5, 2008**, shall submit to the Court's clerk the original of such document along with a copy for the court's use. Discovery documents (or relevant portions thereof) may either be separately marked and indexed as a trial exhibit (as part of the exhibit marking and indexing process described above) or, if admissible, read directly into evidence.

/ / /

**G.    Deposition Testimony**

Deposition testimony shall be designated by page and line number, and such designation shall be filed and served to the Court's clerk no later than **March 5, 2008.** Any counter-designation as to the same deposition (also set out by page and line number), along with written objections to any question and answer designated by another party, shall be filed and served no later than **March 7, 2008.** The original certified transcript of any deposition identified in a designation or counter-designation shall be lodged with the Court's clerk no later than **March 7, 2008**, if not previously lodged with the Court.

All objections shall be in writing, shall identify by page and line number the testimony or content subject to the objection, and shall include a citation to legal authority explaining the grounds for the objection and why the testimony or content is improper. A concise argument concerning the testimony or content may be included.

**H.    Duty of Counsel**

During the course of trial, counsel are obliged to meet with the Court each morning to advise as to which items of evidence will be used that day that have not already been admitted into evidence. The Court will rule on objections to the extent possible prior to the commencement of trial each day out of the presence of the jury. If such ruling depends on the receipt of testimony or other evidence, the Court will rule as appropriate upon the receipt of such testimony or evidence. If evidentiary problems are anticipated, counsel are required to notify the Court, at least one court day before the evidence will be presented, that a hearing outside the jury's presence will be required. During the time set for conducting the trial before the jury, the Court will not hear argument outside the jury's presence on such matters.

**I.    Use of Laptop Computers/Powerpoint for Presentation of Evidence**

If a party intends to use a laptop computer for presentation of evidence, that party, no later than **April 7, 2008**, shall so notify chambers at (559) 498-5680. The courtroom deputy will arrange a time to bring the laptop to the courtroom and to meet with the Court's Information/Technology Department to receive brief training on interaction with the Court's audio/visual equipment.

If a party intends to use PowerPoint, the resolution should be set no higher than 1024 x 768 when preparing the presentation.

///

      **J.**      **Post-Trial Exhibit Retention**

Counsel who proposed or entered in to evidence an exhibit at trial shall retrieve the original from the courtroom deputy after verdict in the case. Counsel shall have the duty to retain possession of the exhibit until all appeals are exhausted and the judgment is final.

**3.**      **Witness Lists**

The parties, no later than **March 5, 2008**, shall file and serve a final witness list, including the name of each witness along with the business or home address of each witness, to the extent known, and omitting witnesses which the parties no longer intend to call.

**4.**      **Joint Statement Of The Case**

The parties, no later than **March 5, 2008**, shall file a joint neutral statement of the case, which briefly describes the case, including the claims and defenses. The joint neutral statement will be used during jury voir dire.

**5.**      **Jury Questionnaire And Proposed Jury Voir Dire**

The parties, no later than **March 5, 2008**, shall file proposed jury voir dire.

The parties propose to use a jury questionnaire. The parties, no later than **March 28, 2008**, shall file a joint jury questionnaire for this Court's approval. The parties are to deliver 45 copies of the Court-approved questionnaire to the Court no later than the end of the day on **April 9, 2008.** Further, the parties are required to provide a copy service at the Court to copy the completed questionnaires. The copy service shall be at the Court on **April 11, 2008 at 8:30 a.m.**, at the Second Floor witness room outside the Jury Commissioner's office, ready to make copies. Potential jurors will complete the questionnaires on **April 11, 2008**.

**6.**      **Proposed Jury Instructions and Verdict Forms**

The parties, no later than **February 20, 2008**, shall serve their proposed jury instructions and verdict forms. The parties, no later than **February 27, 2008**, shall conduct a conference to address their proposed jury instructions and verdict forms. At the conference, counsel **shall** attempt to reach agreement on jury instructions and verdict forms for use at trial. The parties, no later than **March 5, 2008**, shall file and serve all agreed-upon jury instructions and verdict forms and identify such as the agreed-upon jury instructions and verdict forms.

If the parties cannot agree upon certain specific jury instructions and verdict forms after legitimate and good faith meeting and conferring, the parties, no later than **March 5, 2008**, shall file and serve such disputed jury instructions and verdict forms and identify such as the disputed jury instructions and verdict forms.

Except as otherwise required below for "clean" copies, all jury instructions and verdict forms shall indicate the party submitting the instruction or form (i.e., joint, Plaintiff, Defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, the legal authority supporting the instruction, and a legend in the lower left corner of the instruction as follows:

GIVEN  _____

GIVEN AS MODIFIED  _____

WITHDRAWN  _____

REFUSED  _____

In addition to the jury instructions and verdict forms described above, the parties, no later than **March 5, 2008**, shall file and serve a "clean" copy of their proposed jury instructions and verdict forms (whether agreed or disputed) without reference to the party submitting the instruction or verdict form, any legal authority, or spaces for Court action or the judge's initials. In the upper right corner of these jury instructions, the notation "JURY INSTRUCTION NO. \_\_\_" shall appear for sequential numbering of the instructions as needed.

All proposed jury instructions and verdict forms described above (whether agreed or disputed) shall be e-mailed as a WordPerfect attachment to ljoorders@caed.uscourts.gov no later than **March 5, 2008. The Court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI or other instruction forms.**

Ninth Circuit Model Jury Instructions **SHALL** be used where the subject of the instruction is covered by a model instruction. **All instructions shall be short, concise, understandable, and neutral and accurate statements of the law. Argumentative or formula instructions will not be given and must not be submitted.** The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern instruction, such as the Ninth Circuit Model

1  Jury Instructions or any other source of pattern instructions, and must specifically state the modification
2  made to the original form instruction and the legal authority supporting the modification.

3        The parties, no later than **March 7, 2008**, shall file and serve written objections to disputed jury
4  instructions proposed by another party.  All objections shall be in writing, shall set forth the proposed
5  instruction objected to in its entirety, shall specifically set forth the objectionable matter in the proposed
6  instruction, and shall include a citation to legal authority explaining the grounds for the objection and
7  why the instruction is improper.  A concise argument concerning the instruction may be included.
8  Where applicable, the objecting party shall submit an alternative proposed instruction covering the
9  subject or issue of law.

10  **7.**    **Trial**
11        This Court sets a 15-day jury trial for **April 14, 2008** at 9 a.m. in Dept. 4 (LJO).
12  **8.**    **Compliance with This Order**
13        Strict compliance with this order and its requirements is mandatory.  Counsel and parties are
14  subject to sanctions for failure to fully comply with this order and its requirements.
15        IT IS SO ORDERED.

16  **Dated:**   **November 19, 2007**           **/s/ Lawrence J. O'Neill**
                                                       UNITED STATES DISTRICT JUDGE